UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN AND EILEEN CREEDEN | : | UNITED STATES DISTRICT COURT |
|  | : | DISTRICT OF NEW JERSEY |
| Plaintiffs, | : |  |
| -vs- | : | Civil Action No. 06-3669 (JAG) |
| THE HOME DEPOT, ET AL. | : | REPORT AND RECOMMENDATION |
| Defendants. | : |  |

## BACKGROUND

On or about July 7, 2006, Plaintiffs, Mr. and Mrs. Creeden served a complaint upon Defendants, The Home Depot, Inc, Keller Ladder Co., Inc., and Werner Co, Inc. The Complaint alleges that Home Depot sold plaintiffs a defective ladder which was manufactured by defendant Keller Ladder Co. Plaintiffs assert claims of breach of warranties of merchantability and fitness for a particular purpose, violation of the New Jersey Product Liability Act, and Negligence. (See Complaint, Exhibit A to Notice of Removal, Dkt. Entry. # 1). On August 4, 2006, defendant Home Depot removed the action to this Court based upon diversity. (Dkt. Entry #1).

On October 6, 2006, plaintiffs' counsel, Blume, Goldfaden, Berkowitz, Donnelly, Fried &

1

Forte, filed a Motion to be Relieved as Counsel. (Dkt. Entry # 5). By letter order dated November 3, 2006, the Court granted the Motion. (Dkt. Entry # 6). The Order advised plaintiffs that if they failed to secure new counsel by December 1, 2006, they would be proceeding on a pro se basis. Id. Last, the Order directed all parties to appear for a Rule 16 conference on December 12, 2006. Id. The Order expressly warned that failure to appear would result in sanctions, up to and including dismissal. Id.

On December 12, 2006, Plaintiffs failed to appear or contact this Court. In response, on December 13, 2006, this Court issued an Order to Show Cause and scheduled a hearing for January 16, 2007. (Docket Entry # 7). The Order provided that all written submissions were to be submitted by January 6, 2007. Plaintiffs failed to file a written submission or appear for the hearing.

**DISCUSSION**

The plaintiffs' failure to comply with the Orders of this Court requires this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 963 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered to determine whether the sanction of dismissal is appropriate. The Poulis factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, (6) the meritoriousness of the claim or defense. Id. at 868.

The Poulis factors are applied to the facts at hand to determine if default is proper. After being ordered by this Court in December of 2006, it was solely the plaintiffs' responsibility and choice to retain counsel. When no appearance by counsel was filed, the plaintiffs were considered

to be appearing pro se.  Thus, Plaintiffs are solely responsible for their failure to communicate with this Court and appear at court-ordered conferences and hearings.  Their failure to do so and to demonstrates their lack of interest in prosecuting this action further.  Plaintiff are not exempt from responsibility for failure to abide by Court orders simply because they are pro se litigants.  "[A]ll litigants, including *pro ses*, have an obligation to comply with Court orders.  When they flout that obligation, they, like all litigants, must suffer the consequences of their actions."  Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994).

Second, plaintiffs' failure to appear and participate meaningfully in the case has prejudiced defendants.  Without the participation of plaintiffs, it is impossible for the case to proceed.

Third, there is a history of non-compliance here.  The plaintiffs have failed to participate in this case since November of 2006.  This demonstrates a lack of desire to pursue these claims.

Fourth, based on the totality of circumstances here, I am satisfied that the plaintiffs here have made a willful decision not to prosecute this civil action as demonstrated by their pattern of non-compliance.

Fifth, alternative sanctions would not be appropriate.  Plaintiffs have demonstrated an apparent desire to abandon this civil action.  As such, a monetary sanction would be meaningless and ineffective.

As to the sixth factor, at this time, I cannot determine the meritoriousness of the plaintiffs' claims based on the pleadings.  Not all of the Poulis factors need be satisfied.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  Here, five of the six factors weigh in favor of default.  Here, the plaintiffs failed to comply with Orders of this Court.  Plaintiffs' failure to appear and communicate with this Court and their adversaries make it impossible for this case to proceed.

## CONCLUSION

Accordingly, the Court recommends dismissal. For the reasons set forth above, I recommend that plaintiffs' Complaint be dismissed with prejudice. This Court's recommendation of dismissal is not made lightly. However, this Court is convinced that it is left with no alternative. Plaintiffs have ignored Orders of this Court. The Court warned plaintiffs that violations of court orders would result in sanctions. Under the circumstances, no less onerous sanction would be appropriate.

The parties have ten (10) days from receipt hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

Dated:       January 19, 2007
Original:    Clerk
cc:          Hon. Joseph A. Greenaway, U.S.D.J.
             File